Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT
for the

Kansas District of Kansas

Division

FILED
U.S. District Court
District of Kansas

JUL 23 2025

Clerk, U.S. District Court
By _____ Deputy Clerk

Case No.  2:25-cv-02402-KHV-TJJ

*(to be filled in by the Clerk's Office)*

Guoqing Chen

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Dianne Durham

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

## COMPLAINT AND REQUEST FOR INJUNCTION

I.  **The Parties to This Complaint**

   A.  **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Guoqing Chen, aka professionally as Guoqing "John" Chen |
   | Street Address | 14012 Noland St. |
   | City and County | Overland Park, Johnson County |
   | State and Zip Code | Kansas 66221 |
   | Telephone Number | 336-653-8213 |
   | E-mail Address | GJ89Chen@hotmail.com |

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Dianne Durham |
| Job or Title *(if known)* | Senior Associate Dean for Faculty Affairs and Development |
| Street Address | University of Kansas School of Medicine, 3901 Rainbow Blvd |
| City and County | Kansas City, Wyandotte County |
| State and Zip Code | Kansas 66160 |
| Telephone Number | 913-588-6721 |
| E-mail Address *(if known)* | ddurham@kumc.edu |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

E-mail Address *(if known)* _____

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question     ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. § 1983 (violation of procedural due process under the Fourteenth Amendment to the U.S. Constitution).

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual

    The defendant, *(name)* _____, is a citizen of

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

        the State of *(name)* _____ . Or is a citizen of
        *(foreign nation)* _____ .

    b.    If the defendant is a corporation

        The defendant, *(name)* _____ , is incorporated under
        the laws of the State of *(name)* _____ , and has its
        principal place of business in the State of *(name)* _____ .
        Or is incorporated under the laws of *(foreign nation)* _____ ,
        and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

**III.   Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

    A.    Where did the events giving rise to your claim(s) occur?

        The events occurred at the University of Kansas School of Medicine, University of Kansas Medical Center (KUMC) in Kansas City, Kansas, through emails and internal communications related to Post-Tenure Review (PTR) processes of a tenured faculty member.

    B.    What date and approximate time did the events giving rise to your claim(s) occur?

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

The events began on October 18, 2022 (receivied notification of Triggered PTR for 2023) and continued through July 2, 2025 (most recent denial of full PTR Committee Reports), with ongoing harm to the present.

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

1. Plaintiff is a tenured professor at a University of Kansas School of Medicine, University of Kansas Medical Center (KUMC).

2. KUMC Handbook for Faculty mandates submission of a complete Post-Tenure Review (PTR) Committee "confidential report" to the faculty member under review, which is consistent with Kansas Board of Regents (KBOR) PTR policy that requires documentation of the evaluation discussion to be provided to the faculty member, with opportunity to add comments as part of the official record, for developmental purposes. This mandate ensures due process by allowing faculty to respond meaningfully.

3. Plaintiff received "Unsatisfactory with the opportunity for remediation" outcomes in PTRs conducted in 2023 and 2025, requiring remediation plans. A third such outcome in 2027 may result in dismissal proceedings under the Handbook.

4. Defendant denied providing the complete PTR Committee Reports to Plaintiff despite repeated requests by Plaintiff in both 2023 and 2025.

PTR 2023 Event and Timeline

5. On October 18, 2022, Plaintiff received a notification of PTR in 2023, which was one year earlier than Plaintiff's Scheduled PTR set by Dean's Office for 2024.

6. On July 20, 2023, Defendant emailed Plaintiff the 2023 PTR outcome: "Unsatisfactory with the opportunity for remediation", attached with Dr. Ojo (Dean)'s letter requiring development of a remediation plan and follow-up PTR in Spring 2025.

7. On July 26, 2023, Plaintiff requested the full PTR Committee Report and specific issues identified, via email (cc: Defendant) to Angela Basgall, Program Manager and Defendant's assistant. Also in the same email, Plaintiff informed that Plaintiff would have Prof. Barrent (adviser) join the remediation plan meeting with Defendant.

8. On August 2, 2023, Defendant informed Plaintiff not to bring an adviser to the remediation plan meeting, but did not mention provision of the PTR Report.

9. On August 9, 2023, Plaintiff reiterated the request for the PTR Report to Defendant via email.

10. On August 10, 2023, Defendant responded with three bullet points for development of a remediation plan, but failed to provide the complete PTR Committee Report.

11. On August 14, 2023, Plaintiff requested again to have Prof. Barrent join the meeting, via email to Defendant, to preserve transparency and assist Plaintiff to develop an effective remediation plan.

12. On August 14, 2023, Defendant responded, stating that Defendant will "meet individually with faculty.", which essentially denied Plaintiff's request for having an advisor join the meeting.

13. On August 15, 2023, Plaintiff requested again in email by stating, "There is no rule in the Faculty Handbook, which does not allow me (Plaintiff) to invite another tenured professor to join the meeting."

14. On August 15, 2023, Defendant denied Plaintiff's request again and gave Plaintiff two options: either meet with Defendant alone or get Human Resources involved. To avoid escalation, Plaintiff met with Defendant alone, without the complete PTR Report and adviser, during the remediation meeting.

PTR 2025 Event and Timeline

15. On June 5, 2025, Defendant notified Plaintiff of the 2025 PTR outcome: "Unsatisfactory with the opportunity for remediation", attached with Dr. Ojo (Dean)'s letter requiring development of a remediation plan and follow-up PTR in Spring 2027.

16. On June 6, 2025, Plaintiff requested the full PTR Committee report.

17. On June 11, 2025, Defendant responded by stating that she would prepare a report.

18. On June 18, 2025, Defendant provided a brief summary (1/3 page in length) authored by Defendant as an attachment in the email. Defendant failed to provide the full PTR Committee Report.

19. On June 20, 2025, Plaintiff reiterated his request for the full report.

20. On June 24, 2025, Defendant essentially denied, stating: "Our policy does not contemplate providing anything other than a summary of the concerns and recommendations."

21. On June 25, 2025, Plaintiff cited the clause in the section of PTR Committee "Reporting Structure" of Handbook, which mandates that "A confidential report will be submitted to the faculty member, ……"

22. On July 2, 2025, Defendant denied again, stating: "The policy you highlighted does not specify the format for reporting. We provide a summary of the concerns and recommendations to facilitate development of a remediation plan," reattaching her summary in her email. This most recent deprivation is part of a continuing pattern of violations since August 14, 2023, exacerbating the harm from the improper 2022 Triggered PTR and subsequent report withholdings for 2023 and 2025.

Internal Resolution

23. Plaintiff pursued internal remedies, emailing Dr. Robert Klein, Vice Chancellor for Academic and Student Affairs, on July 11 and 18, 2025, requesting assistance and grievance extensions under Handbook. However, as of July 23, 2025, Plaintiff received no response, demonstrating futility of Plaintiff's effort.

Harm

24. Defendant's actions—from facilitating the Triggered PTR to withholding the complete PTR Committee reports — prevent Plaintiff from interpreting findings, developing meaningful remediation plans, or rebutting inaccuracies, which undermines PTR's supportive purpose under KUMC and KBOR PTR policies, and creates imminent harm such as potential dismissal.

25. Defendant's refusals to allow an advisor in the remediation meeting effectively isolating Plaintiff and preventing assisted development of an effective and meaningful plan, contributing to the ongoing emotional and professional harm." The denial undermined the collaborative, developmental intent of PTR under KBOR policy.

26. As a direct result, Plaintiff has suffered severe emotional distress since October 2022 (Triggered PTR notification), including anxiety, insomnia, appetite loss, diminished well-being, impaired concentration and cognition. This distress has diminished overall professional capacity and efficiency by approximately 50%, including difficulties in maintaining sustained focus on scholarly, administrative, and collaborative tasks, causing harm valued at least $100,000, and remains persistent and ongoing despite cultural norms deterring formal mental health care.

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## IV. Irreparable Injury

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Irreparable harm is likely in the absence of injunctive relief, as monetary damage cannot fully compensate Plaintiff for the ongoing harm caused by Defendant's actions, which threaten the permanent loss of tenured employment and inflict a non-compensable stigma on professional reputation without meaningful opportunity to rebut.

1) Threatened Tenure Loss and Dismissal Risk: Defendant's withholdings of complete PTR Committee reports prevent Plaintiff from interpreting findings, rebutting inaccuracies, or developing effective remediation plans, directly escalating the likelihood of a third unsatisfactory outcome in 2027. According to the KUMC Faculty Handbook, three unsatisfactory outcomes shall initiate dismissal proceedings, rendering these deprivations a direct precursor to termination, absent immediate relief. This undermines tenure's safeguards and creates imminent, non-speculative harm to Plaintiff's career stability.

2) Stigma to Reputation: Because Defendant withheld the complete PTR Committee reports, Plaintiff was denied the opportunity to rebut or address the findings meaningfully under KUMC and KBOR policies, resulting in unrebutted unsatisfactory ratings that impose a persistent stigma. This stigma impairs Plaintiff's professional reputation within the academic community and future employability, as it signals unchallenged deficiencies that erode trust in collaborations, funding opportunities, and career advancement. Unlike monetary losses, this reputational damage cannot be erased or quantified, as it erodes academic freedom and collaborative opportunities in ways that persist beyond compensation.

3) Ongoing Emotional and Professional Distress: As a direct result of the actions since October 2022, Plaintiff suffers severe, cumulative emotional distress—including anxiety, insomnia, appetite loss, diminished well-being, impaired concentration, and cognitive deficits—that has reduced professional capacity and efficiency by approximately 50%. While partially valued at least $100,000 for compensatory purposes, these harms extend to non-quantifiable dimensions, such as sustained difficulties in scholarly, administrative, and collaborative tasks. Without an injunction compelling report disclosure and process corrections, this distress will continue unabated, further jeopardizing Plaintiff's well-being and tenure.
In summary, absent preliminary injunctive relief, these interconnected harms will persist and intensify, far exceeding what monetary damages can remedy.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Issue a declaratory judgment that Defendant violated Plaintiff's Fourteenth Amendment procedural due process rights by withholding the full PTR Committee Reports for the 2023 and 2025 reviews, thereby denying Plaintiff meaningful opportunity to rebut findings and develop effective remediation plans, rendering those processes procedurally deficient.

B. Issue preliminary and permanent injunctive relief against Defendant in her official capacity, compelling immediate provision of the complete 2023 and 2025 PTR Committee Reports; enjoining any adverse employment actions, including reliance on the flawed PTR outcomes in future reviews, remediation plans, or dismissal proceedings, until due process is fully satisfied through access to complete documentation and rebuttal opportunities; and halting further ongoing harms from the withholdings, which continue to prevent effective remediation and escalate the imminent risk of dismissal in 2027.

C. Award compensatory damages of at least $100,000 against Defendant in her individual capacity for the severe emotional distress (including anxiety, insomnia, appetite loss, diminished well-being, impaired concentration, and cognitive deficits) and approximately 50% reduction in professional capacity and efficiency suffered since October 2022 as a direct result of the procedural violations.

D. Award nominal damages if compensatory damages are not fully recoverable.

E. Award costs and reasonable attorney's fees under 42 U.S.C. § 1988.

F. Grant such other and further relief as the Court deems just and proper.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 07/23/2025

Signature of Plaintiff  *[signature]*
Printed Name of Plaintiff  Guoqing Chen

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

**B.     For Attorneys**

Date of signing: _____

Signature of Attorney           _____
Printed Name of Attorney        _____
Bar Number                      _____
Name of Law Firm                _____
Street Address                  _____
State and Zip Code              _____
Telephone Number                _____
E-mail Address                  _____