**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | | |
|---|---|---|---|
| GUOQING CHEN, | ) | | |
| | ) | | |
| Plaintiff, | ) | CIVIL ACTION | |
| | ) | | |
| v. | ) | No. 25-2402-KHV | |
| | ) | | |
| DIANNE DURHAM | ) | | |
| and AKINLOLU O. OJO, | ) | | |
| | ) | | |
| | ) | | |
| Defendants. | ) | | |
| | ) | | |

**MEMORANDUM AND ORDER**

On August 19, 2025, Guoqing Chen, proceeding pro se, filed his Second Amended
Complaint And Request For Injunction (Doc. #8) against Dianne Durham, Senior Associate Dean
for Faculty Affairs and Development of the University of Kansas School of Medicine, in her
official and personal capacities, and Akinlolu O. Ojo, Executive Dean of the University of Kansas
School of Medicine, in his official capacity.  On March 6, 2026, the Court sustained Defendants'
Motion To Dismiss (Doc. #13) filed September 29, 2025, and dismissed plaintiff's claims.
Memorandum And Order (Doc. #33).

This matter is before the Court on Plaintiff's Motion To Alter Or Amend Judgment
Pursuant To Fed. R. Civ. P. 59(e) (Doc. #35) filed March 25, 2026 and Plaintiff's Motion For
Leave To File Supplemental Memorandum In Support Of Rule 59(e) Motion (Doc. #37) filed
April 1, 2026.  For reasons explained below, the Court sustains plaintiff's motion for leave to
supplement and overrules his motion to alter or amend the judgment.

**Legal Standards**

The Court affords a pro se plaintiff some leniency and liberally construes his filings.  See

James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013).  Although the Court holds a pro se litigant's filings to a less stringent standard than formal pleadings drafted by attorneys, a pro se party must follow the same rules of procedure as all other litigants.  See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Under Rule 59(e), Fed. R. Civ. P., a party may request that the Court alter or amend judgment following its entry.  The Court has discretion whether to grant or deny a motion to alter or amend the judgment.  See Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988).  A motion to alter or amend is essentially a motion for reconsideration.  Hilst v. Bowen, 874 F.2d 725, 726 (10th Cir. 1989); Koch v. Shell Oil Co., 911 F. Supp. 487, 489 (D. Kan. 1996).

The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence or the need to correct clear error or prevent manifest injustice.  See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996).  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.  See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994).  Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that he could have presented originally.  See Van Skiver v. U.S., 952 F.2d 1241, 1243 (10th Cir. 1991).

### Analysis

Plaintiff seeks leave to file a supplemental memorandum in support of his Rule 59(e) motion.  Specifically, plaintiff seeks to correct citation errors and present corrected legal analysis regarding the scope of Engquist v. Oregon Department of Agriculture, 553 U.S. 591 (2008), with

respect to his class-of-one equal protection claim.  Plaintiff filed this motion seven days after his Rule 59(e) motion, before defendants filed their response.  Plaintiff does not seek to add new claims, legal theories or grounds for reconsideration.  Defendants do not oppose plaintiff's motion, and allowing plaintiff to correct his citations and legal analysis will not prejudice defendants. Accordingly, the Court sustains plaintiff's motion to file a supplemental memorandum. Nevertheless, as explained below, even considering plaintiff's supplemental memorandum, the Court overrules plaintiff's motion for reconsideration.

In his Rule 59(e) motion, plaintiff first argues that the Court manifestly erred in finding that he abandoned his substantive due process claim because it failed to consider "the procedural sequence that directly caused Plaintiff's inability to present a standalone substantive due process count."  Specifically, plaintiff argues that Magistrate Judge Teresa J. James discouraged him from filing additional motions requesting leave to further amend his complaint prior to service, so he withdrew his motion to file a third amended complaint which included a standalone substantive due process count.  Plaintiff's third amended complaint and his reasons for withdrawing it, however, do not change the fact that plaintiff failed to respond to defendant's dismissal argument regarding any substantive due process claim.  Plaintiff has not identified an intervening change in controlling law, availability of new evidence or the need to correct clear error or prevent manifest injustice.  Accordingly, the Court declines to amend its judgment on this ground.

Second, plaintiff argues that the Court manifestly erred in holding that because it seeks to redress past harm rather than prevent prospective violations of federal law, plaintiff's request to compel defendants to disclose the PRT Committee Reports falls outside the Ex parte Young, 209 U.S. 123 (1908), exception to Eleventh Amendment immunity.  In support, plaintiff reiterates his argument that the continued withholding of the reports is a present and ongoing violation and that

without the reports, he cannot remediate so he is at a heightened risk of receiving a third "unsatisfactory" finding in 2027, which could lead to dismissal proceedings. The Court considered and rejected these arguments when it ruled on defendant's motion to dismiss, holding that plaintiff "has not alleged that compelling the disclosure of the reports will prevent future harm." Plaintiff has not identified an intervening change in controlling law, availability of new evidence or the need to correct clear error or prevent manifest injustice. Accordingly, the Court declines to amend its judgment on this ground.

Third, plaintiff argues that the Court manifestly erred in finding that plaintiff failed the first prong of the due-process analysis because he remains a tenured professor at the same rank and compensation and therefore has not been deprived of a protected property interest. Specifically, plaintiff reiterates his argument that his placement on an accelerated, triggered review path constitutes a material change in the conditions of his employment and reiterates his stigma-plus theory.[1] The Court considered and rejected these arguments when it ruled on defendant's motion to dismiss, holding that entitlement to nothing but procedure cannot be the basis for a property interest. Plaintiff has not identified an intervening change in controlling law, availability of new evidence or the need to correct clear error or prevent manifest injustice. Accordingly, the Court declines to amend its judgment on this ground.

Fourth, plaintiff argues that the Court manifestly erred in holding that plaintiff could not bring a class-of-one equal protection claim in the public employment context. Specifically, plaintiff argues that (1) the "may" in Section 5(3)(a)(ii) of the Handbook shows the outer bounds

---

[1]    In support, plaintiff cites a case which does not exist and incorrectly interprets at least two other cases. In his reply, plaintiff admits that he used AI research tools which produced some inaccurate citations and quotations, takes full responsibility for failing to verify those references and withdraws the references.

of the dean's discretion, (2) the categorical rule in <u>Engquist v. Oregon Dep't of Agr.</u>, 553 U.S. 591

(2008), that public employees cannot bring class-of-one claims is limited to legitimate exercises

of discretion, (3) the comparator evidence demonstrates irrationality and (4) defendants did not

apply their fabricated standard uniformly.[2]  Like plaintiff's other arguments, the Court considered

and rejected these arguments and held that the relevant Handbook provision does not mandate a

Triggered PTR but places subjective discretion on the dean, which aligns with the Supreme Court's

logic that class-of-one equal protection theory does not apply in the public employee context

because the decisions are often subjective and individualized, resting on a wide array of factors

that are difficult to articulate and quantify.  Plaintiff has not identified an intervening change in

controlling law, availability of new evidence or the need to correct clear error or prevent manifest

injustice.  Accordingly, the Court declines to amend its judgment on this ground.

**IT IS THEREFORE ORDERED** that <u>Plaintiff's Motion For Leave To File Supplemental</u>

<u>Memorandum In Support Of Rule 59(e) Motion</u> (Doc. #37) filed April 1, 2026 is **SUSTAINED**,

and <u>Plaintiff's Motion To Alter Or Amend Judgment Pursuant To Fed. R. Civ. P. 59(e)</u> (Doc. #35)

filed March 25, 2026 is **OVERRULED**.

Dated this 30th day of June, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2]    In support, plaintiff cites quotations from and about <u>Enquist</u>, 553 U.S. 591, which do not exist.  In his <u>Motion For Leave To File Supplemental Memorandum In Support Of Rule 59(e) Motion</u> (Doc. #37) filed April 1, 2026, plaintiff corrects some of the citation errors and offers corrected legal analysis on the Court's application of <u>Enquist</u>.